Bernard BENDER; Christopher
Hinkle, Plaintiffs–
Appellants,

v.

DARDEN RESTAURANTS INC.,
a Florida Corporation,
Defendant

and

GMRI Inc., a Florida Corporation d/b/a
Red Lobster, Defendant–Appellee.

No. 98–56031.
D.C. No. CV–96–01767–RJK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2001.

Decided Jan. 18, 2002.

Before BROWNING, BRUNETTI, and HAWKINS, Circuit Judges.

## MEMORANDUM [1]

We reinstate the jury's punitive damage award and reverse the district court's con-

ditional grant of a new trial on punitive damages. However, we affirm the district court's grant of judgment as a matter of law on the award of non-economic damages for missed meal and rest breaks and its conditional grant of a new trial on such damages.

### I. Punitive Damages

■ We reverse the district court's judgment as a matter of law on the jury's punitive damage award. Bender and Hinkle met their burden of demonstrating malice by "clear and convincing evidence." Cal. Civ.Code § 3294 (West 2001). Punitive damages are appropriate when the defendant's acts are "in blatant violation of law or policy." *Tomaselli v. Transamerica Ins. Co.*, 25 Cal.App.4th 1269, 1287, 31 Cal.Rptr.2d 433 (1994). Red Lobster [2] failed to comply with a number of California labor code provisions.

Bender and Hinkle also showed that Red Lobster authorized or ratified the illegal conduct at the Oxnard restaurant. *See Weeks v. Baker & McKenzie*, 63 Cal. App.4th 1128, 1151, 74 Cal.Rptr.2d 510 (1998); Cal. Civ.Code § 3294(b) (West 2001). Moreover, they offered "some evidence" of Red Lobster's ability to pay the punitive damage award providing a reviewing court a meaningful basis to review the award for excessiveness. *Mike Davidov Co. v. Issod*, 78 Cal.App.4th 597, 607, 92 Cal.Rptr.2d 897 (2000).[3] The award was not excessive. "The ultimately proper level of punitive damages is an amount not so

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

2. We refer to the employer as Red Lobster except where discussing the differences between General Mills, Inc. and General Mills Restaurants, Inc.

3. *Tomaselli* is distinguishable because in that case the parent corporation's annual report "encompassed the assets, revenues and profits from a host of businesses (such as consumer lending, commercial lending, leasing, real estate services, investment management, life insurance, etc.) which [were] *wholly unrelated to appellant's business.*" *Tomaselli*, 25 Cal. App.4th at 1283, 31 Cal.Rptr.2d 433 (empha-

low that the defendant can absorb it with little or no discomfort nor so high that it destroys ... the defendant." *Rufo v. Simpson,* 86 Cal.App.4th 573, 621–22, 103 Cal.Rptr.2d 492 (2001) (internal citations omitted). The jury's actual award of $1.8 million, was less than 0.3 percent of Red Lobster's estimated net worth,[4] far less than the 10 percent cap generally recognized by the courts of California. *Sierra Club Found. v. Graham,* 72 Cal.App.4th 1135, 1163, 85 Cal.Rptr.2d 726 (1999). It was not excessive as a matter of law. *Id.* at 1161, 85 Cal.Rptr.2d 726 (holding that the jury's punitive damage award may be set aside only when it appears excessive as a matter of law or the result of passion or prejudice).

■ We reverse the district court's conditional grant of a new trial since we find that Red Lobster was not unfairly prejudiced by the erroneous admission of evidence of the net worth of General Mills, Inc. (GMI), a company separate from General Mills Restaurants, Inc. (GMRI). The jury was repeatedly told that GMI was *not* the same as GMRI and could *not* be used as evidence of GMRI's financial condition. A jury is presumed to have followed instructions. *Cf. Richardson v. Marsh,* 481 U.S. 200, 206, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987). Furthermore, when the evidence is viewed in its entirety, the jury award does not constitute a miscarriage of justice. *United States v. 4.0 Acres of Land,* 175 F.3d 1133, 1139 (9th Cir.1999).

■ The district court also grounded its new trial order on its finding that there was insufficient evidence to support the jury's punitive damage award. A district court may order a new trial based on insufficient evidence only if it finds that the jury's verdict "is against the great weight of the evidence, or it is quite clear that the jury has reached a seriously erroneous result." *Ace v. Aetna Life Ins. Co.,* 139 F.3d 1241, 1248 (9th Cir.1998) (citation omitted). That stringent standard is not met here.

## II. Compensatory Damages for Missed Meal and Rest Breaks

■ Bender and Hinkle sought to recover both economic and non-economic

sis added). It contained no separate information on the defendant's financial status, which could not be determined from the consolidated numbers. *Id.* By contrast, in the instant case, appellants demonstrated that the parent and wholly-owned subsidiary operate essentially the *same business,* and appear identical in every way but corporate name. Darden was spun off from General Mills, Inc. as a separate publicly-traded corporation in May 1995. It simultaneously created GMRI as a non-public wholly owned subsidiary owning essentially the same assets. Darden and Red Lobster appear distinguishable in only two minor aspects. First, Darden is publicly-traded, while Red Lobster is not. Second, Darden owns 68 additional restaurants in Canada.

4. Appellants provided a second indicator of the appropriate amount of punitive damages: the profitability of Red Lobster's misconduct. There is disagreement in California about whether wrongful profits, standing alone, are adequate evidence upon which to base an award of punitive damages. *See Issod,* 78 Cal.App.4th at 607–08 & n. 6, 92 Cal.Rptr.2d 897 (adequate); *Robert L. Cloud & Assoc., Inc. v. Mikesell,* 69 Cal.App.4th 1141, 1152, 82 Cal.Rptr.2d 143 (1999) (inadequate). *Issod,* the most recent California case, suggests that wrongful profits are a sufficient basis for awarding punitive damages.

Appellants expressly sought discovery on such profitability, and were awarded sanctions when Red Lobster failed to produce the requested documents, many of which had been destroyed. The jury was thus presented with Red Lobster's own estimation of the profit it expected to derive from transferring the burden of cash shortages and walk-outs to its cash-handling employees: $3 million. The jury's award of $1.8 million was roughly half that estimate. Following *Issod,* this award cannot be "excessive."

damages for missed meal and rest breaks. However, the district court did not instruct the jury that it could award economic damages for missed meal and rest breaks. Instead it instructed the jury that it could award non-economic damages for missed meal and rest breaks. Red Lobster unsuccessfully objected to the instruction at the time.

After the jury returned a verdict for Bender and Hinkle for non-economic damages for missed meal and rest breaks, the district court granted Red Lobster's motion for judgment as a matter of law. It reasoned that because a jury award based on this instruction had no legal basis, the award had to be vacated as a matter of law. California's Labor Code and Code of Regulations provide for private suit recovery for economic damages only. Cal. Lab. Code §§ 1194, 218, and 218.5 (West 2001). Therefore, we affirm the district court's grant of a judgment as a matter of law. We also find that the district court did not abuse its discretion in granting a new trial on damages for missed meal and rest breaks. *See 4.0 Acres*, 175 F.3d at 1139.

 The district court erroneously found that, under California law, the punitive damage award could not survive if the compensatory damage award was reversed. *McLaughlin v. Nat'l Union Fire Ins. Co.*, 23 Cal.App.4th 1132, 1164, 29 Cal.Rptr.2d 559 (1994) ("recovery of compensatory damages is not essential"). To sustain an award of punitive damages, a plaintiff need only prove a prima facie case of liability and show actual injury as a result of the wrongful conduct. *Id.* at 1165, 29 Cal.Rptr.2d 559. Appellants had a cause of action under California Labor Code sections 226.7(b) (mandating payment of "one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided") and 218 (authorizing employees to "sue directly . . . for any wages or penalty due him under [the Labor Code]"). They also suffered actual economic harm as a result of being denied rest and meal breaks. Therefore, the punitive damages award was properly predicated on the denial of breaks. It was also properly predicated on the jury's liability determinations for payment of cash shortages and time card violations. Accordingly, a new trial is not warranted on this ground.

REVERSED in PART and AFFIRMED in PART.

Each party shall bear its own costs on appeal.